06-2420-cr
United States v. Carlo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2007

Argued: October 16, 2007                    Decided: November 19, 2007

Docket No. 06-2420-cr

_____

UNITED STATES OF AMERICA,

*Appellee,*

−v.−

PETER R. CARLO,

*Defendant-Appellant.*

_____

Before:
KEARSE and KATZMANN,
*Circuit Judges*,
RAKOFF,
*District Judge*.[*]

Appeal from the May 10, 2006 judgment of the United States District Court for the Southern District of New York (Patterson, *J.*) of conviction after jury trial. Affirmed.

_____

SETH C. FARBER, (James P. Smith III, Mathew L. DiRisio, *of counsel*), Dewey & LeBeouf LLP, New York, New York, *for Defendant-Appellant*

DANIEL W. LEVY (Katherine Polk Failla, Michael A. Levy, Assistant United States Attorneys, *of counsel*) *for* Michael J. Garcia, United States Attorney for the Southern District of New York,

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

New York, New York, *for Appellee.*

———————————————————

PER CURIAM:

The defendant Peter Carlo appeals from a judgment of conviction entered May 10, 2006, following a jury trial on one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. He challenges the sufficiency of the evidence to support that conviction and certain instructions given to the jury.

The government's proof at trial included evidence of Carlo's participation in a scheme whereby he, along with others, defrauded real estate developers by making misrepresentations to the developers as to the status of Carlo's attempts to secure funding for their development projects. Carlo, hoping to, *inter alia*, collect a fee from closing such financing deals, sought to persuade the developers to continue to seek their funding through Carlo. His plan for obtaining the desired financing included attempting to arrange for one institution, Seattle-Northwest Securities Corporation, to sell bonds backed by the developers' projects and attempting to arrange for another institution, Allianz AG, to provide "credit enhancement," *i.e.*, guarantee of the payments on the bonds. Seattle-Northwest informed Carlo that it would evaluate his funding requests on a project-by-project basis only after completing due diligence and after Carlo obtained credit enhancement. A number of developers sought assurances that loans would soon be forthcoming, stating that they were experiencing negative financial effects from the delay in receiving, or learning that they would not receive, the needed funding. Despite the fact that no due diligence was completed, that no funding approval from Seattle-Northwest was forthcoming, that no credit enhancement commitment was made by Allianz, and that he indeed never dealt

with Allianz directly, Carlo represented to several developers that their financing proposals had been approved and that loans would shortly be forthcoming.

On an appeal challenging the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt. *United States v. Gaskin*, 364 F.3d 438, 459-60 (2d Cir. 2004). To sustain a conviction for wire fraud under 18 U.S.C. § 1343 (except as modified by § 1346) and conspiracy to commit such wire fraud, the government must prove that the defendant acted with specific intent to obtain money or property by means of a fraudulent scheme that contemplated harm to the property interests of the victim. *See United States v. Walker*, 191 F.3d 326, 334-35 (2d Cir. 1999).[1] *See generally McNally v. United States*, 483 U.S. 350 (1987). While the interests protected by the mail and wire fraud statutes do not generally extend to intangible rights (except as modified by 18 U.S.C. § 1346), they do extend to all kinds of property interests, both tangible and intangible. *Carpenter v. United States*, 484 U.S. 19, 25 (1987). Since a defining feature of most property is the right to control the asset in question, we have recognized that the property interests protected by the statutes include the interest of a victim in controlling his or her own assets. *See Walker*, 191 F.3d at 335; *United States v. Rossomando*, 144 F.3d 197, 201 n.5 (2d Cir. 1998) ("[T]he concrete harm [to the victim's property interest] contemplated by the defendant is to deny the victim the right to control its assets by depriving it of information necessary to make discretionary economic decisions.").

---

[1]*Walker* deals with mail fraud, but the analysis of mail fraud and wire fraud is, in all respects material to this case, identical. *See United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000).

We find that the government introduced sufficient evidence for a reasonable jury to conclude that Carlo knowingly gave false and misleading information to real estate developers about the status of funding he was trying to arrange for them in the hope that they would continue their projects, at great risk and expense, while he pursued an ever-dwindling chance of actually securing funding. The jury could find that Carlo intended that the developers rely on his misstatements to decide to continue their projects, thus preserving Carlo's only chance to earn his fee. By causing the developers to make economic decisions about the viability of their real estate projects based on misleading information, Carlo harmed the developers' property interests. *See United States v. DiNome*, 86 F.3d 277, 284 (2d Cir. 1996). That Carlo wanted the funding transactions to close (because that was the only way for him to earn his fee) does not negate his intent to inflict a genuine harm on the victims by depriving them of material information necessary to determine for themselves whether to continue their development projects, thereby continuing or increasing their exposure to the risk of the projects' failure. *See id.*; *see also Rossomando*, 144 F.3d at 201.

When an objection to a jury charge is adequately preserved below, we review a claim of error in the charge *de novo*. *See United States v. Tropeano*, 252 F.3d 653, 657-58 (2d Cir. 2001). Even assuming that Carlo's objection was adequate, we find that the trial court properly instructed the jury on the right-to-control theory of wire fraud. The court properly described the harm to the victims' property interests as the deprivation of information necessary to make discretionary economic decisions. *See Rossomando*, 144 F.3d at 201 & n.5. There was no danger in this case that the jury might have found that the misinformation—false statements that the funding had been approved and was imminent—could have misled the victims in any

-4-

immaterial, non-pecuniary way.  *See DiNome*, 86 F.3d at 284; *cf. United States v. Mittelstaedt*, 31 F.3d 1208, 1216-17 (2d Cir. 1994).

Carlo's objection to the conscious avoidance instruction is similarly without merit.  There was nothing inappropriate or inconsistent in the government arguing that Carlo had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion.  *See United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003); *United States v. Mang Sun Wong*, 884 F.2d 1537, 1542 (2d Cir. 1989).  The conscious avoidance charge was appropriate because Carlo asserted that he did not know that his statements were false and the government presented an adequate factual predicate for the charge.  *See United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000).  We find that the government introduced evidence that Carlo was aware of a high probability that the information about credit enhancement that he received from his contacts in Europe (which he then repeated to the developers) was false, and if he did not actually know that the information was false, it was only because he deliberately avoided confirming his suspicion.

We have considered all of Carlo's other arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.