SUMMARY ORDER
Defendants-Appellants Angel Cordero, Ian Burgess, Edgar Marino Sanchez, and Ricardo Delvi appeal from judgments of conviction entered against them by the District Court after a jury found them guilty of various offenses.[1] On appeal, defendants-appellants challenge (1) the District Court’s admission of the redacted plea allocutions of three of their co-defendants; (2) the District Court’s failure to discharge a juror who, defendants-appellants contend, may have improperly sought to converse with a Government agent; and (3) the District Court’s admission, through *380 the testimony of three witnesses, of certain out-of-court statements by these witnesses and others. In addition, Cordero and Sanchez challenge the sufficiency of the evidence supporting certain of their convictions[2] while Burgess contends that the District Court violated his rights by concluding that Burgess was responsible for trafficking more narcotics than the amount found by the jury and sentencing him accordingly. We assume the parties’ familiarity with the facts, the issues on appeal and the procedural history.
Upon review of the record, we conclude the following with respect to defendants-appellants’ claims:
(1) The admission of the plea allocutions did not affect defendants-appellants’ substantial rights in view of the Government’s introduction of ample independent evidence that a group of individuals calling themselves the “Hughes Boys” were involved in the narcotics conspiracy charged in Count 1, cf. United States v. Dukagjini, 326 F.3d 45, 61 (2d Cir.2003) (“Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.”) (quoting Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).
(2) The District Court did not abuse its discretion when it determined, after questioning both the agent and the juror, that the agent “was just being cautious” and that “nothing improper occurred.” Trial Transcript 4252-53. Cf. United States v. Zichettello, 208 F.3d 72, 106 (2d Cir.2000) (observing that “[district courts have broad discretion in deciding whether to replace a juror at any time before the jury retires for deliberation” and that “the district court is in the best position to evaluate the juror’s demeanor and to determine whether the juror [can] fairly and impartially hear the case”) (internal quotation marks and ellipsis omitted).
(3) The District Court did not err in admitting earlier out-of-court statements by Jenny Flores, Alberto Rojas, and Detective Jeremy Rosenberg in light of record evidence indicating that these statements were properly admitted, pursuant to Federal Ruie of Evidence 801(d)(1)(B),[3] to rebut the defense’s challenge to the credibility of Flores and Rojas on cross-examination and on redirect. The District Court also did not err in concluding that out-of-court statements made by Xavier Giles— an eyewitness who was injured during the shooting and did not testify at trial — were admissible as “excited utterances” within the scope of Rule of Evidence 803(2).[4] *381 See, e.g., United States v. Delvi, 275 F.Supp.2d 412, 415 (S.D.N.Y.2003) (“Although the statement was taken from Giles approximately forty minutes after the shooting, the excitement caused by having witnessed the murder of another individual and gotten shot himself had not dissipated. At the time the statement was taken, Giles was still bleeding from his wounds, was being treated by a doctor in a hospital emergency room, and was observed to have been in an excited state. It is hard to believe that Giles could not have been excited less than an hour after having experienced a startling event of the highest order.”).
Turning to defendants-appellants’ individual claims, we reject the sufficiency challenges brought by Cordero and Sanchez upon concluding that the record contains sufficient evidence for a rational fact-finder to find Cordero and Sanchez guilty of their offenses of conviction. Cf. United States v. Carlo, 507 F.3d 799, 801 (2d Cir.2007) (“On an appeal challenging the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational fact-finder could have found guilt beyond a reasonable doubt.”); United States v. Glenn, 312 F.3d 58, 64 (2d Cir.2002) (noting that, in evaluating a sufficiency challenge, we “defer to the jury’s assessment of witness credibility and the jury’s resolution of conflicting testimony”) (internal quotation marks omitted). For example, the record establishes that Cordero: offered to insure payment of $5000 to Sanchez if Sanchez murdered member of the rival gang; directed a member of the Hughes Boys to retrieve a .45 caliber semi-automatic pistol, which was given to Delvi and picked up by Sanchez after Sanchez was offered money to commit murder; and joined in the armed excursions to locate and kill members of the rival gang. As for Sanchez, testimony by co-conspirator Alberto Rojas indicates that just before the murder of rival gang member Earl Edwards, Sanchez acknowledged that he was offered ownership of half of one of the Hughes Boys’ drug distribution spots. In light of these facts, Cordero and Sanchez cannot meet the “heavy burden” required to reverse their convictions. See, e.g., United States v. Maldonado-Rivera, 922 F.2d 934, 978 (2d Cir.1990).
Finally, we conclude that Burgess’s challenges to the sentence imposed upon him are without merit in light of the District Court’s consideration of the § 3553(a) factors at the time of the original sentencing hearing, the District Court’s explicit ruling that the sentence imposed on Burgess “would be no different post-Booker than at the time of the original sentence,” Burgess Appendix 54-55, and our observations in United States v. Vaughn, 430 F.3d 518, 527 (2d Cir.2005) (noting that “district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict”). Furthermore, we note that our recent decision in United States v. Regalado, 518 F.3d 143 (2d Cir.2008), does not counsel in favor of — much less require — a remand in this case. In Regalado, we remanded to allow the district court to determine “whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the [crack] Guidelines to serve [the objectives of sentencing under 18 U.S.C. § 3553(a) ],” id. at 149. In the instant case, however, the District Court (1) expressly acknowledged that its downward departure took into ac *382 count the crack and cocaine sentencing disparity and (2) sentenced Burgess to just over half of the authorized statutory maximum sentence for his offenses of conviction.
Having considered all of defendants’ arguments on appeal and found them to be without merit, we hereby AFFIRM the judgments of the District Court.

. The jury verdict was, in relevant part, as follows;
All four defendants-appellants were found guilty of narcotics conspiracy in violation of 21 U.S.C. § 841 (Count 1);
All defendants-appellants except Burgess were found guilty of murder while engaging in a drug trafficking offense in violation of 21 U.S.C. 848(e)(1)(A) (Count 2) and possessing a firearm in relation to a crime of violence/drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 17 & 18); Count 17 charged all defendants-appellants except Burgess. Count 18 charged Delvi and Sanchez;
Cordero and Delvi were found guilty of distribution and possession with intention to distribute narcotics in violation of 21 U.S.C. § 841 (Counts 3-11); Counts 3-5 and 7-11 charged Cordero; Count 6 charged Cordero and Delvi;
Delvi was found guilty of violating 18 U.S.C. § 922(g) by possessing a firearm after a prior felony conviction (Count 14) and violating 18 U.S.C. § 922(k) by possessing a firearm with an obliterated serial number (Count 15).

. Cordero challenges the sufficiency of the evidence on his conviction for the offense charged in Count 17; Sanchez challenges the sufficiency of the evidence on his conviction for the narcotics conspiracy charged in Count 1.

. This provision states that "[a] statement is not hearsay if ... [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the de-clarant’s testimony and is offered to rebut an express or implied charge against the declar-ant of recent fabrication or improper influence or motive.”

.Rule 803 provides, in relevant part, that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition” constitutes an “excited utterance" and is "not excluded by the hearsay rule, even [if] the declarant is available as a witness.”