**UNITED STATES of America,**
Appellee,

v.

Hazel GEDINEZ, also known as Hazel Chandler, also known as Hazel Chase, Tenekee Camara, also known as Teneken Camara, also known as Teneke Camara, also known as Tenekee Jupiter, Defendants,

Frantz Gedinez, Defendant–Appellant.

No. 07–1586–cr.

United States Court of Appeals, Second Circuit.

May 29, 2008.

Anyekache Hercules, Brooklyn, NY, for Defendant–Appellant Frantz Gedinez.

Arlo Devlin–Brown, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; Jonathan S. Kolodner, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for the United States.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Frantz Gedinez appeals from the judgment of conviction entered against him after a jury found him guilty of bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 2, 1344, and 1349. On appeal, Gedinez claims that the District Court violated his right to a fair trial by (1) refusing to let him be tried separately from his co-defendant, (2) admitting evidence of his prior bad acts that should have been excluded pursuant to Federal Rules of Evidence 403 and 404, and (3) declining to recuse itself after it came to light that Judge Stein owned stock in a bank victimized by Gedinez's fraud. Gedinez also contends that (4) the District Court violated his Sixth Amendment rights of confrontation by admitting, through the testimony of another witness, statements of his non-testifying co-defendant. Finally, Gedinez claims that (5) the evidence introduced at trial was insufficient to support his conviction, (6) he received ineffective assistance from his trial counsel, and (7) the twenty-seven month sentence imposed upon him was unreasonable.

We assume the parties' familiarity with the facts and the procedural history. Upon review of the record, we conclude that the seven issues Gedinez raises on appeal are all lacking in merit.

■ (1) "Whether to grant or deny a severance motion is committed to the sound discretion of the trial judge." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir.1998) (citations and internal quotation marks omitted). Values of efficiency and fairness weigh heavily in favor of trying

jointly defendants who are charged with participation "in a common plan or scheme." *Id.* ("It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors . . . present[ ] the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." (citations and internal quotation marks omitted)); *United States v. Rosa,* 11 F.3d 315, 341 (2d Cir.1993) ("Evidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial."). "Accordingly, a district court's denial of a severance motion . . . will be reversed only if a defendant can show prejudice so severe that his conviction constituted a miscarriage of justice, and that the denial of his motion constituted an abuse of discretion." *Salameh,* 152 F.3d at 115 (citations and internal quotation marks omitted). Because Gedinez has failed to make such a showing, his first claim on appeal is unavailing.

(2) "We review a district court's decision to admit evidence of other crimes for abuse of discretion." *United States v. Lumpkin,* 192 F.3d 280, 287 (2d Cir.1999). In doing so, we take an "inclusionary" approach, "allowing evidence to be admitted for any legitimate purpose other than to show a defendant's criminal propensity." *United States v. Zackson,* 6 F.3d 911, 921 (2d Cir.1993). The evidence that Gedinez challenges was properly admitted to "inform the jury of the background of the conspiracy charged, . . . explain how the illegal relationship between participants in the crime developed, [and] explain the mutual trust that existed between coconspira-

tors." *Rosa,* 11 F.3d at 334. Furthermore, taking into account the nature of the other evidence admitted against Gedinez with respect to his charged crimes, it cannot be said that the "probative value" of any evidence relating to other crimes was "substantially outweighed by the danger of unfair prejudice," Federal Rule of Evidence 403. Accordingly, we reject Gedinez's second claim on appeal.

■ (3) We conclude that Judge Stein's ownership of stock in a bank victimized by Gedinez's fraud did not require Judge Stein to recuse himself in light of the fact that the 4,100 shares owned by Judge Stein amounted to only .000091 percent of the roughly 4.5 billion shares then-outstanding. *Cf. United States v. Lauersen,* 348 F.3d 329, 335 (2d Cir.2003) (noting with approval our earlier holding in *United States v. Ravich,* 421 F.2d 1196, 1205 (2d Cir.1970) that "ownership of a small amount [—specifically, .0072 percent—] of the stock" of a bank victimized by the defendant's crime "did not disqualify a judge from presiding at the criminal trial").

■ (4) We further conclude that Gedinez's Sixth Amendment right of confrontation was not violated by the District Court's admission of a statement that Gedinez's non-testifying co-defendant made to an acquaintance. As an initial matter, we conclude that the statement was non-testimonial in nature. *Cf. Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (noting that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not"); *United States v. Williams,* 506 F.3d 151, 156 (2d Cir.2007) (noting that "the Confrontation Clause simply has no application to nontestimonial statements" (quoting

*United States v. Feliz*, 467 F.3d 227, 231 (2d Cir.2006))). We also note that, before admitting the statement, the District Court replaced Gedinez's name with a neutral pronoun. *United States v. Williams*, 936 F.2d 698, 700 (2d Cir.1991). Because the statement standing alone does not otherwise connect Gedinez to the crime, even if the statement in question was testimonial, its admission did not violate the Confrontation Clause. *Id.*

(5) We reject Gedinez's sufficiency challenge upon concluding that the record contains sufficient evidence for a rational factfinder to find Gedinez guilty of his offenses of conviction. *Cf. United States v. Carlo*, 507 F.3d 799, 801 (2d Cir.2007) ("On an appeal challenging the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt."); *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002) (noting that, in evaluating a sufficiency challenge, we "defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony") (internal quotation marks omitted).

■ (6) Ineffective assistance of counsel claims are best "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *accord United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003). Accordingly, "in most cases[,] a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Massaro*, 538 U.S. at 504, 123 S.Ct. 1690; *accord Khedr*, 343 F.3d at 99–100. In keeping with this guidance, we decline to consider Gedinez's ineffective assistance of counsel claims at this stage of his case.

■ (7) Finally, we reject Gedinez's challenge to the reasonableness of the sentence imposed upon him. Gedinez's claim that the District Court committed procedural error by considering conduct outside of his conduct of conviction is without merit in light of *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005) (noting that "district courts may find facts relevant to sentencing by a preponderance of the evidence ... as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict"). Nor has our review of the record revealed any errors that would undermine the substantive reasonableness of Gedinez's sentence. *Cf. Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007) (emphasizing that "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions"); *United States v. Fernandez*, 443 F.3d 19 (2d Cir.2006) observing that we will deem a sentence substantively reasonable unless the sentencing judge "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact" (modifications in original, internal quotation marks and citation omitted).

Having considered all of Gedinez's arguments on appeal and found them to be without merit, we hereby AFFIRM the judgment of the District Court.