**UNITED STATES of America,**
**Appellee,**

v.

**Ricardo Antonio VINAS, also known as**
**Secretario, also known as Secre,**
**Defendant–Appellant.**

**No. 08–0642–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 22, 2009.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Arlo Devlin–Brown, (William J. Harrington, Katherine Polk Failla, on the brief), Assistant United States Attorneys for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ricardo Vinas appeals from a judgment of conviction entered on February 1, 2008, in the Southern District of New York (Daniels, *J.*) for conspiracy to distribute or to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. 0000 §§ 812, 841(a)(1), 841(b)(1)(A), and 846. On appeal, Vinas asserts that: (1) there was insufficient evidence to support his conviction; (2) the Government violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by withholding material information; and (3) the sentence of 235 months' imprisonment was unreasonable.

We assume the parties' familiarity with the underlying facts and procedural history.

*Sufficiency of the Evidence*

A defendant seeking to reverse his conviction due to insufficiency of the evidence bears a "heavy burden." *United States v. Jones,* 482 F.3d 60, 68 (2d Cir.2006) (internal quotations omitted). We "view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt." *United States. v. Carlo,* 507 F.3d 799, 801 (2d Cir.2007); *see e.g., United States v. MacPherson,* 424 F.3d 183, 187 (2d Cir.2005) (upholding a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original))).

■ Vinas's sufficiency of the evidence argument is without merit. Ample evidence was presented at trial to support the jury's finding that Vinas participated in the heroin distribution conspiracy that was charged. This evidence included: (1) an intercepted phone communication in which Vinas spoke in code about a heroin delivery; (2) Vinas's possession at the time of his arrest of 4.5 kilograms of heroin hidden inside five pairs of shoes; cooperating witness Mario Fonnegra's identification of Vinas as the heroin supplier named "Secre"; (4) Vinas's possession of a pre-paid cellular phone, bought under a fake name, that included a single entry in the address book

for "Varon" (a person whom Fonnegra identified as participating with Vinas in heroin trafficking in Florida); (5) Vinas's prior travel history to New York, which closely matched times when Fonnegra received heroin shipments; (6) Vinas's unusual method of travel between Miami and New York in which he arrived via bus but then purchased last-minute, one-way airline tickets to return to Miami; (7) Vinas's possession of $200,000 in cash hidden in gift-wrapped packages; and (8) Vinas's bank records showing over $400,000 in unexplained cash and money order deposits. This evidence is sufficient to permit a rational factfinder to find that Vinas was guilty of conspiring to distribute one kilogram or more of heroin.

*Brady Violation*

Vinas seeks a new trial because "[t]he Government failed to disclose evidence concerning prior drug dealing between Fonnegra and Alberto Varon." Vinas's claimed *Brady* violation fails because Vinas does not identify what information was improperly suppressed. Vinas asserts in his brief that "the Government did not fulfill its disclosure obligations." This is not enough. Vinas must make more than a vague accusation to support his claim of a *Brady* violation. Further, even if Vinas could somehow show that the Government failed to disclose relevant information, Vinas's claim would still fail because the extensive evidence introduced against him precludes him from showing prejudice as a result of the non-disclosure. *See Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) ("[F]avorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable proba-

bility that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (internal quotations omitted)).

*Reasonableness of Sentence*

■ Vinas argues on appeal that the district court's sentence of 235 months' imprisonment was unreasonable due to the court's improper calculation of his base offense level and the court's failure to consider Vinas's family and employment history. Vinas contends that he should be held responsible only for the 4.5 kilograms of heroin seized at the time of his arrest and, therefore, his sentence should have been calculated beginning at base offense level 34 rather than level 38. Contrary to Vinas's argument, the district court did not err in finding him responsible for more than 30 kilograms of heroin or in applying a base offense level of 38. A district court may determine a specific drug quantity at sentencing by a preponderance of the evidence so long as the drug quantity does not trigger a statutory minimum sentence and does not authorize the judge to impose a higher penalty.[1] *See United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir.2005) ("We reiterate that, after *Booker*, district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment."). The testimony of Fonnegra, coupled with Vinas's bank and travel records established by a preponderance of the evidence that Vinas had been part of a Colombian drug-trafficking conspiracy, that he had repeatedly transported large quantities of heroin to New York City, and that he was responsible for more than 30 kilograms of heroin.

---

1. The district court could consider drug quantity as a sentencing factor because the jury found Vinas guilty of conspiring to distribute one kilogram or more of heroin and under 21 U.S.C. § 841(b)(1)(A), Vinas faced a maximum penalty of life imprisonment.

We are also not persuaded by Vinas's argument about his family and employment history. At sentencing, the district court expressly stated that it had considered all factors under 18 U.S.C. § 3553(a) and that a downward departure was not warranted. The district court's sentence at the bottom end of the recommended Guidelines range was reasonable.

We have considered Vinas's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the United States District Court for the Southern District of New York is AFFIRMED.