SUMMARY ORDER
Defendant-appellant Ruben Canini appeals from a judgment of conviction entered July 20, 2007, in the Southern District of New York (Crotty, J. ) on one count of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846, and two counts of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C). On appeal, Canini asserts that there was insufficient evidence to prove: (1) that he participated in a broad drug-distribution conspiracy that involved one kilogram or more of heroin; and (2) that he possessed with intent to distribute heroin on or about October 2, 2003, as charged in count 3 of the indictment.
A defendant seeking to reverse his conviction due to insufficiency of the evidence bears a “heavy burden.” United States v. Jones, 482 F.3d 60, 68 (2d Cir.2006) (internal quotations omitted). We “view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt.” United States v. Carlo, 507 F.3d 799, 801 (2d Cir.2007); see e.g., United States v. MacPherson, 424 F.3d 183, 187 (2d Cir.2005) (upholding a conviction if “‘any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original))).
We assume the parties’ familiarity with the underlying facts and procedural history.

Sufficiency of the Evidence: Drug Weight and Participation in the Conspiracy

We disagree with Canini’s assertion that there was insufficient evidence to establish that he participated in a conspiracy that distributed a kilogram or more of heroin. Witnesses at trial established that the Vyse Avenue drug organization sold heroin seven days a week and that the *559 organization sold 20 to 25 bundles on an average day and 40 bundles on a good day. At this rate, it would have taken the organization approximately sixty days to sell the 1,500 bundles that comprise a kilogram of heroin. Cooperating witnesses Victor Virella and Eppie Benitez provided detailed testimony about the Vyse Avenue organization’s conspiracy to distribute “Absolute Power” brand heroin and about Canini’s knowledge of and participation in the conspiracy. Virella testified at trial that Canini worked as a “pitcher” — selling directly to customers — seven days a week in July and August 2003, and that he continued to work for the organization until his arrest on October 2, 2003. Similarly, Benitez testified that Canini worked seven days a week for the organization in the summer of 2003, first as a pitcher for Alberto Rosario, and later as a co-manager of the morning shift with Benitez. This evidence of the nature and length of Canini’s association with the conspiracy is sufficient to permit a rational factfinder to find that Canini was guilty of conspiring to distribute one kilogram or more of heroin. See United States v. Santos, 541 F.3d 63, 72-74 (2d Cir.2008).

Sufficiency of the Evidence: Distribution of Heroin

Canini also argues that, contrary to the jury’s verdict, there is insufficient evidence to establish that he intended to distribute heroin on October 2, 2003. Canini did not have heroin in his possession at the time of his arrest. Benitez, however, testified that on October 2, 2003, he and Canini were “[sjelling heroin.” Further, one of the arresting officers testified that he “observed Defendant Benitez grab stuff out of Canini’s hand and take off.” What Benitez grabbed turned out to be a bundle of “Absolute Power” brand heroin, which Benitez then tossed and was later recovered by police. The jury was entitled to credit this testimony, along with the quantity of drugs recovered, in finding Canini guilty of possessing heroin with intent to distribute it. See United States v. Roman, 870 F.2d 65, 71 (2d Cir.1989) (“[A]ny lack of corroboration goes only to the weight of the evidence, not to its sufficiency. The weight is a matter for argument to the jury, not a ground for reversal on appeal.”).
We have considered Canini’s other arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.