09-2002-cr
United States v. Stinn

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

> *Appellee*,

> -v.-                                                                    No. 09-2002-cr

BRADLEY STINN,

> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | LAWRENCE S. ROBBINS (Mark T. Stancil, Jennifer S. Windom, *on the brief*) Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP, Washington, D.C. |
| **FOR APPELLEE:** | SCOTT B. KLUGMAN, Assistant |

---

[*] The Honorable J. Garvan Murtha, Senior Judge of the United States District Court for the District of Vermont, sitting by designation.

United States Attorney (Susan Corkery, Assistant United States Attorney, *of counsel*, Benton J. Campbell, United States Attorney, *on the brief*) Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a May 4, 2009 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Defendant-appellant Bradley Stinn ("defendant" or "Stinn") was convicted after a jury trial of conspiracy to commit mail, wire, and securities fraud, in violation of 18 U.S.C. § 1349, securities fraud, in violation of 18 U.S.C. § 1348, and mail fraud, in violation of 18 U.S.C. § 1341. In addition to ordering him to forfeit $1,019,000, the District Court imposed a sentence principally of 144 months' imprisonment, three years of supervised release, and $4,393,575 in restitution. Defendant now appeals his conviction, contending that (1) the District Court erred in giving the jury a conscious avoidance instruction, and (2) the individual or cumulative effect of the District Court's rulings during jury deliberations coerced a guilty verdict. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

Defendant first contends on appeal that the District Court erred in giving the jury a conscious avoidance instruction. "Courts in this Circuit commonly give the jury a conscious avoidance instruction 'when a defendant claims to lack some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate ignorance.'" *United States v. Reyes*, 302 F.3d 48, 55 (2d Cir. 2002) (quoting *United States v. Gabriel*, 125 F.3d 89, 98 (2d Cir. 1997)). Such an instruction is warranted when (1) the defendant asserts a lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate exists. *See United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003); *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). A conscious avoidance charge need not be based on direct evidence but, rather, may be based on circumstantial evidence showing that the "surrounding circumstances were such that reasonable persons could have concluded that the circumstances alone should have apprised defendants of the unlawful nature of their conduct." *United States v. Civelli*, 883 F.2d 191, 195 (2d Cir. 1989) (internal quotation marks and citation omitted).

Stinn asserted at trial that he lacked some specific aspect of knowledge required for conviction, so the only question remaining is whether the appropriate factual predicate exists warranting a conscious avoidance charge. We have held that a factual predicate for giving a conscious avoidance instruction exists if there is evidence from which rational jurors may conclude beyond a reasonable doubt that "the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (internal quotation marks and citation omitted). Stinn primarily contends that the charge was inappropriate because the government asserted that he orchestrated the fraud and therefore had actual knowledge—so, Stinn's view, he could not

2

possibly have "avoided" knowing the facts in dispute. But we have held that a conscious avoidance instruction is proper even where the government's primary theory is that defendant had actual knowledge. *See, e.g.*, *id.* ("Such an instruction is not inappropriate merely because the government has primarily attempted to prove that the defendant had actual knowledge, while urging in the alternative that if the defendant lacked such knowledge it was only because he had studiously sought to avoid knowing what was plain.").

Because Stinn's knowledge was "plainly . . . in dispute" at trial, *see id.*, we cannot conclude that the District Court erred in giving the conscious avoidance instruction. We determine here that a rational juror could have concluded, based on the evidence of the circumstances surrounding the accounting manipulations, that if Stinn did not have actual knowledge of the illegality, "it was only because he deliberately avoided confirming his suspicion." *United States v. Carlo*, 507 F.3d 799, 802-03 (2d Cir. 2007).

Moreover, even assuming *arguendo* that giving such an instruction was error, that error would be harmless in the face of overwhelming testimony and documentary evidence supporting the jury's conclusion that Stinn was guilty of the charged crimes.

Defendant next argues that the individual or cumulative effect of the District Court's rulings during jury deliberations coerced a guilty verdict. Specifically, defendant challenges the court's supplemental instruction following the open-court dissent of Juror 10 during polling; the court's subsequent dismissal of Juror 10, based on the juror's refusal to deliberate and her attempt to secur outside advice on the meaning of concepts fundamental to the case; the court's subsequent addition of Alternate 1 to the jury with Stinn's consent; and the cumulative effect of these rulings. Based on a review of the record as a whole, we cannot say that the District Court committed error or "abused its discretion" in making these rulings.

Stinn contends that the District Court's supplemental charge to the jury regarding the refusal of Juror 10 to deliberate was a coercive "*Allen*" charge. We disagree, because there was no "suggestion that jurors in the minority should reconsider their position." *Spears v. Greiner*, 459 F.3d 200, 204 n.4 (2d Cir. 2006) (citation omitted). Moreover, the defendant himself had suggested that the Court remind the jury of their duty to deliberate after first learning of the refusal of Juror 10 to do so.

We likewise do not conclude that the District Court "abused its discretion" in removing Juror 10 pursuant to rule 23(b)(3) of the Federal Rules of Criminal Procedure, which provides that "[a]fter the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict . . . if the court finds good cause to excuse a juror." *United States v. Simmons*, 560 F.3d 98, 109 (2d Cir. 2009). After questioning Juror 10 about her communication with a third party regarding the case, the district judge reasonably concluded that Juror 10's "extremely serious misconduct" warranted her dismissal. Gov't App. 225. there is no evidence that Juror 10 was removed due to her holdout status. *See United States v. Baker*, 262 F.3d 124, 131 (2d Cir. 2001) (affirming the removal of a juror who "was not removed for her nonconforming view of the evidence[,] [but] for her admitted refusal to perform her duty as a juror by deliberating together with the other jurors").

As far as the substitution of Alternate 1, it bears recalling that defendant did not object to either

action in the District Court. Accordingly, these contentions are subject only to plain error analysis. *See, e.g.*, *United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995). We cannot say that the District Court's actions were plain error under current law, or that they affected the "substantial rights" of defendant. *See, e.g.*, *United States v. Bayless*, 201 F.3d 116, 127-28 (2d Cir. 2000). First, Stinn does not dispute that Judge Gershon complied with Rule 24(c)(3) of the Federal Rules of Criminal Procedure in replacing Juror 10 and "instruct[ing] the jury to begin its deliberations anew." Further, as Stinn concedes, the substitution of an alternate juror was certainly not more coercive than proceeding with the 11 jurors who had already voted to convict.

## **CONCLUSION**

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

4