13-922-cr
*United States of America v. Clark*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,
                   *Appellee*,

          v.                                                    13-922-cr

MAUREEN CLARK,
                   *Defendant-Appellant*,

          and

CHRISTOPHER PLUMMER,
                   *Defendant*.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
*The Clerk of Court is respectfully instructed to amend the caption as set forth above.

FOR APPELLEE:                    RICHARD J. SCHECHTER, Assistant United
                                 States Attorney (Sandra S. Glover, Assistant
                                 United States Attorney, for Deirdre M. Daly,
                                 United States Attorney for the District of
                                 Connecticut, *on the brief*), Bridgeport,
                                 Connecticut.

FOR DEFENDANT-APPELLANT          TODD A. BUSSERT, Frost Bussert, LLC, New
MAUREEN CLARK:                   Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part and VACATED in part**, and the case is **REMANDED** for reconsideration of the restitution award.

Defendant-appellant Maureen Clark ("Clark") appeals from the district court's March 14, 2013 amended judgment convicting her following a jury trial of conspiracy, wire fraud, and money laundering, and sentencing her principally to 87 months' imprisonment and imposing restitution in the amount of $1,750,000.32. We assume the parties' familiarity with the facts, procedural history, and issues for review.

On appeal, Clark argues that (1) the district court improperly instructed the jury with respect to proof of a scheme to defraud, (2) the government made improper statements in its summation that deprived Clark of a fair trial, (3) the district court's sentence was procedurally unreasonable, and (4) the district court improperly

- 2 -

failed to account for moneys already paid to victims in its $1.75 million restitution calculation. Each argument is addressed in turn.

**1.    Wire Fraud Jury Instructions**

Clark argues that the district court improperly instructed the jury that the "contemplated actual harm" or "loss of money or property" required for a scheme to defraud could be shown by proof that the defendant contemplated "depriving another of the information necessary to make discretionary economic decisions." (A 133-34). We review the district court's jury instructions *de novo*, reversing only if "viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003).

It is well settled in the Second Circuit that investors can be harmed if they are deprived of "information necessary to make discretionary economic decisions." *United States v. Rossomando*, 144 F.3d 197, 201 n.5 (2d Cir. 1998); *see also United States v. Carlo*, 507 F.3d 799, 802 (2d Cir. 2007) (per curiam) ("The court properly described the harm to the victims' property interests as the deprivation of information necessary to make discretionary economic decisions."). Therefore, the district court did not err in explaining that a scheme to defraud could be established by proof that investors were deprived of information necessary to make discretionary economic decisions.[1]

---

[1] Clark's reliance on *Sekhar v. United States*, 133 S. Ct. 2720 (2013), is misplaced. There, the Supreme Court analyzed the scope of the concept of "property" for purposes of the

Moreover, the evidence at trial showed, in any event, that Clark contemplated actual harm to investors by depriving them of material information -- including the fact that she did not actually own the property in question but had only an option to buy.

**2.     Prosecutorial Misconduct**

Next, Clark argues that the prosecutor engaged in misconduct in his summation by repeatedly stating that Clark lied and by vouching for witnesses. The district court denied Clark's motion for a mistrial, as well as her post-trial motion for judgment of acquittal or a new trial.

To succeed on a claim for prosecutorial misconduct, a defendant must establish that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted); *see United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005). We have held that in considering whether prosecutorial misconduct rises to the level of "egregious misconduct" requiring reversal, courts must weigh three factors: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *United States v. Elias*, 285 F.3d 183, 190-92 (2d Cir. 2002). We review the district court's denial of Clark's

---

Hobbs Act, not the wire fraud statute. *Id.* at 2726 ("Whether one considers the personal right at issue to be 'property' in a broad sense or not, it certainly was not *obtainable property* under the Hobbs Act.") (emphasis in original).

motion for judgment of acquittal *de novo*, *see United States v. Truman*, 688 F.3d 129, 139 (2d Cir. 2012), and the district court's denial of a mistrial and a new trial for abuse of discretion, *see United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010); *United States v. Canova*, 412 F.3d 331, 348 (2d Cir. 2005).

Here, all three factors weigh against finding a due process violation. First, the challenged conduct, even assuming it was improper, was not severe. The prosecutor's assertion that Clark lied fell at least arguably within a prosecutor's broad latitude in summation. *See United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987) (noting that "[u]se of the words 'liar' and 'lie' to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or is likely to be inflammatory"); *United States v. Nersesian*, 824 F.2d 1294, 1327 (2d Cir. 1987) (litigants enjoy "broad latitude" to draw inferences from the record to suggest to the jury in summation). And here, there was a basis in the record for the prosecutor to argue that the evidence showed that Clark had lied. Likewise, the prosecutor did not personally vouch for witnesses, and instead merely argued, based on the record, that its witnesses were credible. *See United States v. Williams*, 690 F.3d 70, 76 (2d Cir. 2012) (concluding that characterization of testimony of witnesses as "the truth" or "absolute truth" was proper because it was tied to evidence supporting the contention). Thus, there was no improper vouching.

Second, even if there had been any misconduct, the district court clarified that: "Lawyers are never permitted to express their own opinion regarding the guilt or the non-guilt of the defendant. . . . [T]o the extent that the lawyers in this case may have made any comments about the ultimate issues in this case, which are for [the jury], I caution you that you must disregard those comments of the lawyers." (A 120). The government also emphasized that it was the jury's job to assess credibility (*see, e.g.*, GA 628, 630, 632, 644, 670), and stated that "[l]awyers don't express their opinions." (GA 675). Thus, to the extent there was any misconduct, the court and prosecutor adopted measures to cure it.

Finally, given the ample evidence before the jury, Clark most likely would have been convicted even absent the purported misconduct. Accordingly, we conclude that the district court did not err in denying the motion for judgment of acquittal or abuse its discretion in denying a mistrial or a new trial.

**3.    Sentencing**

Clark challenges the procedural reasonableness of her sentence, arguing that the district court failed to consider her downward departure request, failed to consider the factors set forth in 18 U.S.C. § 3553(a), improperly substituted the probation office's judgment for its own judgment, and afforded the guidelines undue weight.

We review the district court's sentence for reasonableness.[2] *See United States v. Thomas*, 628 F.3d 64, 68 (2d Cir. 2010). "A district court commits procedural error where . . . it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory, or fails adequately to explain its chosen sentence." *Id.* (internal quotation marks omitted).

Contrary to Clark's argument, the district court did consider her downward departure request. Prior to sentencing, the parties submitted lengthy memoranda that addressed Clark's request for a downward departure. The record makes clear that the district court considered Clark's departure request, but was not persuaded and denied it. The experienced district judge was well aware of his ability to depart, and in any event, denials of downward departures are generally not reviewable on appeal. *See United States v. Galvez-Falconi*, 174 F.3d 255, 257 (2d Cir. 1999).

Clark's remaining arguments fail to establish that the sentence was procedurally unreasonable. The district court expressly considered § 3553, at one point even stating that § "3553 is the bible." (GA 224). Throughout the sentencing hearing, the district court referred to § 3553, and discussed several of the pertinent factors for consideration, including general deterrence, Clark's continued belief that she did nothing wrong, that Clark would benefit from vocational training provided while

---

[2] The government argues for plain error review because Clark raises her objections for the first time on appeal. We need not address which standard is appropriate because under either standard, Clark's arguments fail.

incarcerated to aid in her gainful employment upon release, and explained why Clark was receiving a longer sentence than Plummer, who pled guilty prior to trial. Moreover, the district court explained that it was adhering to the bottom of the guidelines sentence, rather than going below it, as it "would have liked to do," in light of the § 3553 factors. (GA 229). Because the record supports a finding that the district court sentenced Clark after careful consideration of the parties' submissions, analysis of the § 3553 factors, and review of the thorough PSR prepared by the probation office, we conclude that the district court did not substitute the probation office's judgment for its own, did not afford the guidelines undue weight, and imposed a reasonable sentence.

## 4. Restitution

Clark's final argument is that the district court improperly failed to credit payments made to victims by a third party when calculating restitution. The government does not dispute that payments were made, but it argues that Clark waived that issue and the she has suffered no prejudice by any error.

We remand for the district court to reconsider the issue of restitution. There is record evidence that two victims, Anthony Lovallo and Herman Abramowitz, were repaid approximately $250,000 of their losses by a third party, Douglas Grossinger, prior to trial. If true, the victims are not entitled to a second payment by Clark because double payment would constitute an impermissible windfall. *See United States v. Boccagna*, 450 F.3d 107, 117 (2d Cir. 2006) ("sentencing court cannot order

restitution that goes beyond making the victim whole") (internal quotation marks omitted). Moreover, as for the government's argument that Clark has not been prejudiced because she would have to reimburse Grossinger for amounts he paid to the victims, the fact is that the judgment clearly provides for payment of $300,000 to Lovallo and Abramowitz. As the judgment is now written, Clark is potentially subject to further claims for amounts already paid to the victims. Accordingly, we vacate the restitution award and remand the case to the district court to consider whether Clark should be credited for any payments already made to the victims and whether any adjustments must be made to the restitution order.

* * *

We have considered Clark's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM in part and VACATE in part** the judgment of the district court, and **REMAND** the case for reconsideration of the restitution award.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk