13-3119-cr(L)
United States v. Heinz

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fifteen.

PRESENT: RALPH K. WINTER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

v.

GARY HEINZ, MICHAEL WELTY, PETER GHAVAMI,

        *Defendants-Appellants*.

Nos. 13-3119-cr(L),
13-3121-cr(CON),
13-3296-cr(CON),
14-1845-cr(CON),
14-1857-cr(CON),
14-1859-cr(CON)

-------------------------------------------------------------------

FOR APPELLANTS: MARC L. MUKASEY (Philip J. Bezanson, *on the brief*), Bracewell & Giuliani LLP, New York, NY, *for* Gary Heinz.

GREGORY L. POE (Preston Burton, Rachel S. Li Wai Suen, *on the brief*), Poe & Burton PLLC, Washington, DC, *for* Michael Welty.

NATHANIEL Z. MARMUR, Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY (Charles A. Stillman, James A. Mitchell, Mary Margulis-Ohnuma, Ballard Spahr Stillman & Friedman, LLP, New York, NY, *on the brief*), *for* Peter Ghavami.

FOR APPELLEE: DANIEL E. HAAR, Attorney (Brent Snyder, Deputy Assistant Attorney General, James J. Fredricks, Finnuala K. Tessier, Kalina Tulley, Jennifer Dixton, Attorneys, *on the brief*), U.S. Department of Justice, Antitrust Division, Washington, DC.

Appeal from judgments of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Defendants-appellants Gary Heinz, Michael Welty, and Peter Ghavami appeal from judgments of conviction, following a jury trial, for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1349 and, as to Heinz and Ghavami, wire fraud in violation of 18 U.S.C. § 1343. On appeal, the Defendants claim that (1) the Government should be judicially estopped from arguing that their conduct affected financial institutions, (2) the Government failed to disclose evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (3) the District Court erred by improperly instructing the jury, admitting prior bad acts

evidence, and admitting lay witness testimony.[1] We assume the parties'

familiarity with the facts and record of the prior proceedings, to which we refer

only as necessary to explain our decision to affirm.

We are not persuaded by the Defendants' argument regarding judicial

estoppel. The original indictment and co-conspirators' plea agreements, which

do not state whether the fraud "affected a financial institution," are not "clearly

inconsistent" with the charges in the superseding indictment that the

Defendants' fraud "affected a financial institution." See New Hampshire v.

Maine, 532 U.S. 742, 750 (2001); United States v. Christian, 342 F.3d 744, 748 (7th

Cir. 2003).

As for the alleged Brady violation, we agree with the District Court that

the email the Government failed to disclose is neither favorable nor material to

the defense. See United States v. Certified Envtl. Servs., Inc., 753 F.3d 72, 91, 93

(2d Cir. 2014). Rather, the email supports the Government's theory at trial

regarding the meaning of code words used within the conspiracy.

Nor do we identify error in the District Court's jury instruction and

evidentiary decisions. Viewed as a whole, the jury instruction did not convey to

the jury that a certification was false if it was submitted for a business purpose

that the jury deemed illegitimate, see United States v. George, 779 F.3d 113, 117

(2d Cir. 2015), and it was not error to instruct the jury to determine whether the

Defendants agreed to defraud municipalities of their property right to control

their assets, see United States v. Carlo, 507 F.3d 799, 802 (2d Cir. 2007). In

addition, for substantially the reasons provided by the District Court, it was not

error to admit evidence that Ghavami and Heinz manipulated bids on municipal

---

[1] We address the Defendants' argument that the prosecution was time barred in a separate opinion filed simultaneously with this order.

investment contracts during their previous employment at JPMorgan Chase, particularly since the District Court gave an appropriate limiting instruction to the jury. See United States v. Mercado, 573 F.3d 138, 141-42 (2d Cir. 2009). Finally, the District Court did not err by admitting lay witness Mark Zaino's opinion testimony pursuant to Federal Rule of Evidence 701. The Government laid a sufficient foundation to explain that Zaino derived his opinions as a member of the Defendants' conspiracy, Zaino's testimony helped explain "ambiguous references . . . that [were] clear only to the conversants," and the testimony was not based on specialized knowledge within the scope of Federal Rule of Evidence 702. United States v. Yannotti, 541 F.3d 112, 125-26 (2d Cir. 2008); see United States v. Garcia, 291 F.3d 127, 141 (2d Cir. 2002).

We have considered the Defendants' remaining arguments that are not the subject of the opinion we issue simultaneously with this summary order and conclude that they are without merit. For the reasons stated herein and in the separate opinion accompanying this order, the judgments of the District Court are AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4