10-4025-cr (L)
United States v. Ingram

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1  AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             CHRISTOPHER F. DRONEY
                         *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

            -v.-                                        10-4025-cr (Lead)
                                                        11-1141-cr (Con)
ROBERT INGRAM,  NOEMI DODAKIAN,                         11-2237-cr (Con)
AKA EMI DODAKIAN, CHONG SHING WU

                         *Defendants-Appellants*,

OLIVIA JEANNE BOWEN, DAVID NORMAN,

AKA JIM NORMAN,

                         *Defendants*.

_____

Appearing for Appellant Noemi Dodakian:   Roger Stavis, Gallet Dreyer & Berkey, LLP (Adam
                                          Felsenstein, *on the brief*), New York, N.Y.

Appearing for Appellant Chong Shing Wu:   Robert J. Del Col, Smithtown, N.Y.

Appearing for Appellant Robert Ingram:    Arza Feldman, Feldman & Feldman, Uniondale, N.Y.; Robert Ingram, *pro se*

Appearing for Appellee:    Howard S. Master, Assistant United States Attorney, Southern District of New York (Preet Bharara, United States Attorney, Brent S. Wible, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from three judgments of the United States District Court for the Southern District of New York  (Sand, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court are and they hereby are **AFFIRMED**.

This consolidated appeal arises out of a prosecution on an indictment alleging two counts of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  Defendant-appellant Robert Ingram appeals from a judgment of October 4, 2010, sentencing him principally to 144 months' imprisonment following his plea of guilty to count two of the indictment.  Defendant-appellant Noemi Dodakian appeals from a judgment of conviction, entered on March 21, 2011, on both counts of the indictment, for which she was sentenced principally to 95 months' imprisonment.  Defendant-appellant Chong Shing Wu appeals from a judgment of conviction on count two of the indictment and from his sentence of principally 85 months' imprisonment, entered on May 24, 2011.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We begin by addressing the claims of defendant-appellant Robert Ingram.  Ingram argues, first, that his sentence was both procedurally and substantively unreasonable.  We review the sentence for  abuse of discretion. *E.g.*, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).  Ingram contends that the district court committed procedural error by relying upon improper grounds in imposing the "vulnerable victim" enhancement under subsection 3A1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") because, in concluding that victim Kathryn Garstin was "vulnerable," the district court commented that it believed that all victims of advance fee schemes are vulnerable victims. *See United States v. McCall*, 174 F.3d 47, 50 (2d Cir. 1998) (counseling against broad generalizations about "vulnerable victims").  We need not decide whether this remark constituted error because the district court explicitly found the essential facts warranting the enhancement: namely, that Ingram had solicited money from Garstin even though he knew she had cancer. *Id.*  Contrary to Ingram's contention, there is no requirement that a defendant "select the victim *because* of his or her vulnerability—it is sufficient that he knew or should have known of this quality when deciding to go ahead with the crime." *Id.* (emphasis added).  Moreover, we are not persuaded that the fact that Garstin was healthy the *first* time Ingram solicited money from her has any bearing on the applicability of the enhancement; Ingram decided to "go ahead" with his crime *each* additional time he solicited money from Garstin, not simply the first time.  Thus, even if we

2

were to identify error, it would be harmless because the district court's individualized findings were sufficient to support the enhancement. *See Cavera*, 550 F.3d at 197. Since any error would be harmless, we affirm application of the enhancement.

Ingram next argues that his sentence was substantively unreasonable because the court failed to consider each of Ingram's three arguments for a below-Guidelines sentence. However, sentencing courts need not "address every argument the defendant has made." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). Moreover, the sentencing transcript shows that the district court expressly considered each of Ingram's three arguments.

Ingram's final claim, presented in a separate pro se filing, is that trial counsel rendered ineffective assistance by failing to move for dismissal under *Younger v. Harris*, 401 U.S. 37 (1971), because an Arizona administrative proceeding was pending against Ingram at the time the federal prosecution commenced. *Younger* generally requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings" when an important state interest is implicated in the state proceedings and the state proceedings afford the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. *Diamond "D" Constr. Corp. v. N.Y.S. Dep't of Labor*, 282 F.3d 191, 198 (2d Cir. 2002). Here, *Younger* plainly did not apply. The federal prosecution did not seek to enjoin the state proceeding, nor did it raise any constitutional claims regarding that proceeding. Moreover, the state proceeding did not afford the federal plaintiff an adequate opportunity for judicial review insofar as the state proceeding did not vindicate the interest of the United States in prosecuting federal crimes. Ingram's argument is thus meritless because counsel's failure to move for dismissal cannot have affected the result of the criminal proceeding. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

We next consider the claims of defendant-appellant Noemi Dodakian. Dodakian first contends that the district court erred in denying her motion to suppress e-mails seized pursuant to a search warrant that she claims was unconstitutionally overbroad. *See* U.S. Const. amend. IV; *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). We disagree. Without reaching the question of whether the district court erred in concluding that the warrant complied with the particularity requirement, we affirm because the court correctly concluded that the "good faith" exception to the exclusionary rule applied. *See United States v. Leon*, 468 U.S. 897, 922 (1984); *United States v. Bowen*, 689 F. Supp. 2d 675, 684-85 (S.D.N.Y. 2010).

Dodakian next argues that the government's use of Dodakian's Securities Dealers license application for impeachment purposes violated Rule 608(b) of the Federal Rules of Evidence. This claim has no merit because the license application was admitted to impeach Dodakian *by contradiction*, whereas Rule 608(b) addresses extrinsic evidence admitted to impeach by demonstrating *character for untruthfulness*. *See* Fed. R. Evid. 608(b). Admission of the application did not even implicate, let alone violate, Rule 608(b) because the application had no bearing on Dodakian's character for untruthfulness.

Turning to the claims of defendant-appellant Chong Shing Wu, we first address Wu's contention that the trial evidence was insufficient to support his conviction. In considering a

sufficiency claim, "we view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, and reverse only if no rational factfinder could have found guilt beyond a reasonable doubt." *United States v. Carlo*, 507 F.3d 799, 801 (2d Cir. 2007). Wu fails to clear this high bar. Indeed, both victim testimony and documentary evidence supported the jury's finding that Wu knowingly joined Ingram and took action in furtherance of the fraudulent scheme, including making intentional misrepresentations to potential "investors." Wu's argument amounts to a complaint that the jury did not accept his good-faith defense, but "[w]e will not overturn a jury verdict merely because an exculpatory account is plausible." *United States v. Downing*, 297 F.3d 52, 56-57 (2d Cir. 2002) (internal quotation marks and alteration omitted).

Wu argues, second, that his counsel rendered ineffective assistance in several respects. This court has expressed a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000) (internal quotation marks omitted), at least where the record on appeal is incomplete or inadequate for adjudication of the claim. Because the record below is insufficiently developed to allow adequate review of Wu's claims, we decline to review them in this direct appeal.

Wu's third challenge is to the court's imposition at sentencing of offense-level increases under subsections 2B1.1(b)(2)(B) and 2B1.1(b)(1)(I) of the Guidelines. Wu argues that the district court erred in finding that it was reasonably foreseeable to Wu that his offense: (1) caused a loss of between $1 and $2.5 million, and (2) involved 50 or more victims. We review the court's findings for clear error. *See United States v. Rosa*, 17 F.3d 1531, 1550 (2d Cir. 1994). The court's findings were based on permissible inferences drawn from the record evidence. Wu's arguments on appeal are unavailing because Wu asserts only that the court should have drawn different inferences but does not adequately explain why the inferences the court did draw were impermissible. We therefore affirm because "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

The final issue on appeal, raised by both Dodakian and Wu, is whether the court erred in giving the jury a "no ultimate harm" instruction.[1] *See United States v. Rossomando*, 144 F.3d 197, 202 (2d Cir. 1998) (holding that court erred in giving "no ultimate harm" instruction

---

[1]The disputed instruction was as follows:

> There is another consideration to bear in mind in deciding whether or not the defendant you are considering acted in good faith. If that defendant agreed to participate in the scheme to defraud, then a belief by that defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant you are considering participated in the scheme for the purpose of causing some financial or property loss to another, no amount of that defendant's honest belief that the scheme would eventually cause no loss or make a profit for the investors will excuse fraudulent acts or false representations by that defendant.

Tr. 1278-80.

4

because lack of proper predicate made charge too confusing for jury and potentially vitiated defendant's good-faith defense).

We review Dodakian's preserved objection de novo, *see United States v. Pimentel*, 346 F.3d 285, 301-02 (2d Cir. 2003), and conclude that there was a proper predicate for the instruction. While Dodakian testified that she believed in the representations she made to investors and that she believed the funds would yield returns, the record provides evidence that Dodakian deliberately lied about, inter alia, the security of the investments and the timing of the payments to induce investors to part with their money. The instruction was therefore appropriate to ensure that jurors would not acquit if they found that Dodakian had intended to deceive investors, but credited her testimony that she believed the funds would ultimately pay out. *Cf. United States v. Ferguson*, 676 F.3d 260, 280 (2d Cir. 2011).

We review Wu's claim only for plain error because he failed to object to the instruction during the charging conference. *See United States v. Al Kassar*, 660 F.3d 108, 126 (2d Cir. 2011). Without reaching the question of whether the district court erred in giving the instruction, we affirm because there is no binding precedent from this court holding the instruction erroneous in an analogous factual setting; as such, any error could not have been "plain." *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). Only in *Rossomando* have we ever concluded that a "no ultimate harm" instruction was given in error, and our reasoning in *Rossomando* does not apply to Wu's case. The instruction is predicated on a distinction between *immediate* and *ultimate* harm that was simply nonexistent under the unique facts of *Rossomando*, and it was for that reason that we concluded that giving the instruction constituted prejudicial error in *Rossomando*. *See* 144 F.3d at 201 n.5, 202. Here, in contrast, the evidence did admit of the requisite distinction between immediate harm (the misrepresentations made to investors to deprive them of the short-term use of their money) and ultimate harm (the permanent deprivation of investors' money). As such, the instruction was not plainly erroneous.

We have reviewed the remainder of appellants' arguments and found them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5