**UNITED STATES of America,**
**Appellee,**

v.

**Gary HEINZ, Michael Welty, Peter**
**Ghavami, Defendants–**
**Appellants.**

Nos. 13–3119–cr(L), 13–3121–cr(CON), 13–3296–cr(CON), 14–1845–cr(CON), 14–1857–cr(CON), 14–1859–cr(CON.).

United States Court of Appeals, Second Circuit.

June 4, 2015.

Marc L. Mukasey (Philip J. Bezanson, on the brief), Bracewell & Giuliani LLP, New York, NY, for Gary Heinz, Gregory L. Poe (Preston Burton, Rachel S. Li Wai Suen, on the brief), Poe & Burton PLLC, Washington, DC, for Michael Welty, Nathaniel Z. Marmur, Law Offices of Nathaniel Z. Marmur, PLLC, New York, N.Y. (Charles A. Stillman, James A. Mitchell, Mary Margulis–Ohnuma, Ballard Spahr Stillman & Friedman, LLP, New York, NY, on the brief), for Peter Ghavami, for Appellants.

Daniel E. Haar, Attorney (Brent Snyder, Deputy Assistant Attorney General, James J. Fredricks, Finnuala K. Tessier, Kalina Tulley, Jennifer Dixton, Attorneys, on the brief), U.S. Department of Justice, Antitrust Division, Washington, DC, for Appellee.

PRESENT: RALPH K. WINTER, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Gary Heinz, Michael Welty, and Peter Ghavami appeal from judgments of conviction, following a jury trial, for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 and 1349 and, as to Heinz and Ghavami, wire fraud in violation of 18 U.S.C. § 1343. On appeal, the Defendants claim that (1) the Government should be judicially estopped from arguing that their conduct affected

financial institutions, (2) the Government failed to disclose evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and (3) the District Court erred by improperly instructing the jury, admitting prior bad acts evidence, and admitting lay witness testimony.[1] We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We are not persuaded by the Defendants' argument regarding judicial estoppel. The original indictment and co-conspirators' plea agreements, which do not state whether the fraud "affected a financial institution," are not "clearly inconsistent" with the charges in the superseding indictment that the Defendants' fraud "affected a financial institution." *See New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001); *United States v. Christian,* 342 F.3d 744, 748 (7th Cir.2003).

As for the alleged *Brady* violation, we agree with the District Court that the email the Government failed to disclose is neither favorable nor material to the defense. *See United States v. Certified Envtl. Servs., Inc.,* 753 F.3d 72, 91, 93 (2d Cir.2014). Rather, the email supports the Government's theory at trial regarding the meaning of code words used within the conspiracy.

Nor do we identify error in the District Court's jury instruction and evidentiary decisions. Viewed as a whole, the jury instruction did not convey to the jury that a certification was false if it was submitted for a business purpose that the jury deemed illegitimate, *see United States v. George,* 779 F.3d 113, 117 (2d Cir.2015), and it was not error to instruct the jury to

determine whether the Defendants agreed to defraud municipalities of their property right to control their assets, *see United States v. Carlo,* 507 F.3d 799, 802 (2d Cir.2007). In addition, for substantially the reasons provided by the District Court, it was not error to admit evidence that Ghavami and Heinz manipulated bids on municipal investment contracts during their previous employment at JPMorgan Chase, particularly since the District Court gave an appropriate limiting instruction to the jury. *See United States v. Mercado,* 573 F.3d 138, 141–42 (2d Cir. 2009). Finally, the District Court did not err by admitting lay witness Mark Zaino's opinion testimony pursuant to Federal Rule of Evidence 701. The Government laid a sufficient foundation to explain that Zaino derived his opinions as a member of the Defendants' conspiracy, Zaino's testimony helped explain "ambiguous references ... that [were] clear only to the conversants," and the testimony was not based on specialized knowledge within the scope of Federal Rule of Evidence 702. *United States v. Yannotti,* 541 F.3d 112, 125–26 (2d Cir.2008); *see United States v. Garcia,* 291 F.3d 127, 141 (2d Cir.2002).

We have considered the Defendants' remaining arguments that are not the subject of the opinion we issue simultaneously with this summary order and conclude that they are without merit. For the reasons stated herein and in the separate opinion accompanying this order, the judgments of the District Court are AFFIRMED.

---

1. We address the Defendants' argument that the prosecution was time barred in a separate

opinion filed simultaneously with this order.