VICTOR MARRERO, United States District Judge
Defendant Ibrahim Akasha Abdalla ("Defendant") and defendants Baktash Akasha Abdalla, Gulam Hussein, Vijaygiri Anandgiri Goswami, and Muhammad Asif Hafeez are charged with orchestrating an international narcotics conspiracy based in Kenya, with a distribution network that included the United States. (See"Superseding Indictment," Dkt. No. 55.) Trial of Ibrahim and Baktash Akasha Abdalla (collectively, "Defendants") is scheduled to begin before this Court on October 29, 2018. In light of the upcoming trial, Defendant has filed motions in limine seeking to preclude admission of certain evidence at trial. (See"Ibrahim Motion," Dkt. No. 87.)
For the following reasons, the Ibrahim Motion is DENIED in its entirety.
I. BACKGROUND
On December 7, 2017, the Government filed the Superseding Indictment charging Ibrahim Akasha Abdalla and others with conspiring to manufacture and distribute heroin, knowing and intending that it would be imported into the United States (Count One); conspiring to manufacture and distribute methamphetamine, knowing and intending that it would be imported *417 into the United States (Count Two); distributing and aiding and abetting the distribution of heroin, knowing and intending that it would be imported into the United States (Count Three); distributing and aiding and abetting the distribution of methamphetamine, knowing and intending that it would be imported into the United States (Count Four); conspiring to use and carry firearms during and in relation to the offenses charged in Counts One through Four (Count Five); using, carrying, and brandishing a firearm during and in relation to the offenses charged in Counts One through Four and possessing and brandishing firearms in furtherance of the same offenses (Count Six); and conspiring to obstruct, influence, and impede an official proceeding (Count Seven). (See Superseding Indictment.)
On September 23, 2018, Defendant filed motions in limine seeking to preclude admission of certain evidence at trial. (See Ibrahim Motion.) Specifically, Defendant seeks: (1) to preclude the Government from referring to the "Akasha Brothers" or the "Akasha Organization" or similar phrases that refer to Defendants as a collective entity (id. at 1-2); (2) to preclude the Government from referring to Ibrahim Akasha Abdalla as a "gangster" or a member of an "organized crime family" or similar language (id. at 2); (3) to preclude the introduction of audio recordings created by confidential sources (id. at 3); and (4) to limit both expert and lay witness testimony regarding the content of the audio recordings (id. at 3-4).
On September 28, 2018, the Government filed its opposition to the Ibrahim Motion. (See"Government Opposition," Dkt. No. 102.) The Government asserts the following: (1) it is appropriate for the Government to refer to Defendants collectively as the Akasha Brothers and to the Akasha Organization because they are charged with conspiracy and those terms are not unduly prejudicial (id. at 2-3); (2) it is appropriate for the Government to refer to Defendant as a member of a "crime family" because such references will not invite the jury to misattribute evidence (id. at 3-5); (3) at trial, the Government will be able to authenticate and identify the audio recordings by admitting them through the testimony of the confidential sources and a cooperating witness, and Defendant's challenge to the reliability of the recordings and the witnesses is premature (id. at 5-8); and (4) the Government will not introduce testimony regarding the meaning of coded language in the audio recordings, and it is proper for the witnesses to testify about certain other contents of the audio recordings (id. at 8-14).
On October 3, 2018, Defendant filed a reply in further support of his motions in limine. (See"Ibrahim Reply," Dkt. No. 105.) Defendant reiterates his opposition to the use of terms that refer to Ibrahim and Baktash Akasha Abdalla collectively (id. at 1); objects to the Government revealing the identities of its confidential sources on an attorneys' eyes only basis (id. at 2); and reserves his right to object at trial to testimony regarding the audio recordings (id. ).
II. DISCUSSION
A. Motion to Preclude Collective References to Defendants
Defendant argues that the Court should preclude the Government from using the terms "Akasha Brothers," "Akasha Organization," or similar phrases that refer to defendants Ibrahim and Baktash Akasha Abdalla collectively.
Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining *418 the action." Fed. R. Evid. 401 (" Rule 401"). But relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403 (" Rule 403"). "[P]rejudice is unfair only if the evidence has 'an undue tendency to suggest decision on an improper basis.' " Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) (quoting Fed. R. Evid. 403 Advisory Committee Notes (1972) ).
The Court is not convinced that references to the "Akasha Brothers," the "Akasha Organization," or similar phrases would unfairly prejudice Defendant, confuse the issues, or mislead the jury. It is factually accurate to describe Ibrahim and Baktash Akasha Abdalla as "brothers." It is also consistent with the charges of conspiracy against the Defendants to refer, at times, to them collectively since a conspiracy, by definition, involves two or more people acting in concert with one another. Furthermore -- and as the Government notes in its opposition -- any risk of unfair prejudice, confusing the issues, or misleading the jury is mitigated by a proper jury instruction. Here, the parties have requested a jury instruction that would make clear to the jury that jurors must weigh the evidence against each defendant individually, not against the Defendants collectively. (See Government Opposition at 4.) The Court therefore denies Defendant's motion to preclude collective references to Defendants.
B. Motion to Preclude Certain References to Defendant
Defendant urges the Court to preclude the Government from referring to him as a "gangster" or a member of an "organized crime family" and from using similar language to describe him. (See Ibrahim Motion at 2.) The Government asserts that it does not intend to refer to Ibrahim Akasha Abdalla as a "gangster," thereby mooting Defendant's first request. (See Government Opposition at 2.) For the reasons outlined supra Section II.A, the Court is not persuaded that references to Defendant as a member of an "organized crime family" (or similar language) would be unfairly prejudicial. The Court therefore denies Defendant's motion to preclude such references to him.
C. Motion to Preclude Introduction of Audio Recordings
Defendant argues that the Court should preclude the introduction of audio recordings (the "Audio Recordings") created by confidential sources who are located abroad. (See Ibrahim Motion at 3.) Specifically, Defendant contends that the Government has not and cannot, at trial, properly authenticate the Audio Recordings. (See id. )
Defendant's argument fails for two reasons. First, Defendant asserts that United States v. Barone, 913 F.2d 46 (2d Cir. 1990), stands for the proposition that "a proper foundation requires testimony of the agent who operated the recording device." (Ibrahim Motion at 3.) Defendant misconstrues the case. In Barone, the Court of Appeals for the Second Circuit found that "[a] proper foundation" was laid "through the testimony of the agent who operated the recording device." 913 F.2d at 49. However, the Second Circuit did not declare that the testimony of the agent who operated the recording device is the only means by which to authenticate an audio recording. Second -- and contrary to Defendant's assertion -- the law does not require the Government to establish an unbroken chain of custody for authenticating audio recordings. See United States v. Tropeano, 252 F.3d 653, 661 (2d Cir. 2001)
*419 ("[O]ur upholding the authentication of tapes by establishing a chain of custody in the absence of testimony by a contemporaneous witness to the recorded conversations does not imply, as appellant suggests, that such a witness cannot provide equally sufficient authentication without proof of a chain of custody."); see also United States v. Hemmings, 482 Fed. App'x 640, 643 (2d Cir. 2012) ("Here, the tapes were authenticated by a government agent who recognized the voices on the tapes."). As such, the Court declines to preclude admission of the Audio Recordings at this time.
To the extent the Government is unable to properly authenticate and identify the Audio Recordings at trial, Defendant may renew his objection to their admission at that time.
D. Motion to Limit Testimony Regarding Audio Recordings
In the event of the Court's denial of Defendant's request to preclude introduction of the Audio Recordings entirely (see supra Section II.C), Defendant alternatively urges the Court to limit both expert and lay witness testimony regarding the contents of the Audio Recordings. (See Ibrahim Motion at 3-4.) Specifically, Defendant asks the Court (1) to limit expert testimony regarding the "jargon" used in the Audio Recordings, (2) to preclude an agent from testifying based on his review of English translations of the Audio Recordings, and (3) to preclude the confidential sources from offering opinion testimony regarding statements made by Defendant in the Audio Recordings. (See id. )
The Government has represented that it does not intend to introduce testimony regarding the meaning of the jargon or coded language used in the Audio Recordings, thereby mooting Defendant's first request. (See Government Opposition at 8.)
In regards to Defendant's second and third requests, Federal Rule of Evidence 602 (" Rule 602") provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Federal Rule of Evidence 701 (" Rule 701") permits a non-expert witness to offer opinion testimony if such testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The party seeking to introduce lay opinion testimony bears the burden of establishing a proper foundation. Both fact and opinion testimony regarding the contents of audio recordings may, in some instances, be admissible. See United States v. Yannotti, 541 F.3d 112, 125-26 (2d Cir. 2008) (affirming as admissible the non-expert testimony of a government witness); United States v. Aiello, 864 F.2d 257, 265 (2d Cir. 1988) (affirming as admissible a detective's non-expert testimony regarding the meaning of recorded statements); United States v. Ghavami, 23 F.Supp.3d 148, 170-71 (S.D.N.Y. 2014), aff'd sub nom. United States v. Heinz, 607 F. App'x 53 (2d Cir. 2015) (finding a witness's testimony regarding audio recordings between co-conspirators was "properly based on his personal perceptions," "helpful to the jury," and "proper, in that it was based on his participation in the conspiracies").
As such, the Court declines to limit preemptively testimony regarding the contents of the Audio Recordings. To the extent the Government fails at trial to establish the requirements of Rules 602 or 701, Defendant may renew his objection to the testimony regarding the Audio Recordings.
*420 III. ORDER
For the reasons stated above, it is hereby
ORDERED that the motions in limine of defendant Ibrahim Akasha Abdalla (Dkt. No. 87) are DENIED .
SO ORDERED.